**Date Signed:**
**August 3, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00719 |
| | Chapter 11 |
| GAETANO TRUST, | |
| Debtor. | Re: Docket No. 6 |

## ORDER GRANTING MOTION TO DISMISS

On July 7, 2016, the Debtor, Gaetano Trust, filed its Chapter 11 voluntary petition. The Office of the U.S. Trustee filed a motion to dismiss for cause. Having considered the pleadings and the oral arguments and for the reasons stated below, I will grant the motion.

### A. The Gaetano Trust is Not An Eligible Debtor

Section 109(a) of the Bankruptcy Code provides that only a "person" may be a debtor. A "person" under the Code, includes an individual, partnership, or corporation,[1] and a "corporation" includes a "business trust."[2] To qualify as a

---

[1] 11 U.S.C. § 101(41).

[2] 11 U.S.C. § 101(9).

business trust, the trust must (1) be actively engaged in and doing business, (2) have some of the significant attributes of a corporation, primarily the transferability of interest in the trust, and (3) have been formed primarily for a business purpose.[3] Neither a nonbusiness trust nor its trustee is a "person" eligible to file for bankruptcy protection.[4]

The Gaetano Trust is not a "business trust" and therefore is not a "person" eligible for bankruptcy relief. The trust instrument[5] makes clear that the trust is an ordinary estate planning trust. One of its assets is the personal residence of the settlor, Marie Minichino. It was not doing business on the date of bankruptcy and obviously was not formed primarily for a business purpose. There is no indication that the beneficial and other interests in Gaetano Trust are transferable.

The Gaetano Trust argues that it is eligible because it is irrevocable.[6] This argument is both irrelevant and false. It is irrelevant because revocability is immaterial to the determination of whether a trust qualifies for chapter 11 relief. It

---

[3] *In re Parade Realty, Inc., Employees Retirement Pension Trust*, 134 B.R. 7, 11 (Bankr. D. Haw. 1991).

[4] *Hunt v. TRC Props., Inc. (In re Hunt)*, 160 B.R. 131, 134-35 (9th Cir. BAP 1993).

[5] At the hearing on the U.S. Trustee's motion on Monday, August 1, 2016, Ms. Minichino represented that she had mailed the trust instrument to the court the preceding Friday, July 29. This representation was almost certainly false. The court received the trust agreement in the mail on Tuesday, August 2, with a cover sheet in which Ms. Minichino responded to comments made at the hearing the preceding day.

[6] Dkt. # 22 at 3.

2

is false because Article 2 of the trust provides that the settlor (currently Marie Minichino) may revoke the trust in whole or in part at any time during her life.[7]

### B. The Petition Was Not Properly Signed

A chapter 11 petition must be signed by at least one attorney of record in the attorney's individual name.[8]

In this case, the petition was signed with an unintelligible signature followed by "for Bruce Lewis."[9] At the hearing on this motion, Ms. Minichino clarified that she signed the petition on behalf of Mr. Lewis because he was unavailable due to health problems. Mr. Lewis and Ms. Minichino contend that Mr. Lewis gave Ms. Minichino power of attorney to sign the petition.[10] It is far from clear that an attorney can authorize a non-attorney to sign legal documents by the simple expedient of executing a power of attorney. Further, Mr. Lewis has failed to respond to the U.S. Trustee's demand that he establish his authorization to practice law in this court (or in any other court). Therefore, the petition was not properly signed by an attorney for the debtor.

---

[7] Dkt. # 22 at 15-16.

[8] Fed. R. Bankr. P. 9011(a).

[9] Dkt. # 2 at 4.

[10] Dkt. # 21 at 3, 8-12.

U.S. Bankruptcy Court - Hawaii   #16-00719   Dkt # 24   Filed 08/03/16   Page 3 of 5

### C. Other Considerations

Ms. Minichino has a documented history of abusing the bankruptcy system to the detriment of her creditors.

She has filed three personal bankruptcy cases. I dismissed the first bankruptcy (Case No. 11-01628) for abuse of the bankruptcy system. The dismissal was with prejudice, meaning that Ms. Minichino was not entitled to a discharge in any subsequent bankruptcy case of any debts that were or could have been listed in that case. I also barred her from filing a new petition for one year. Her second bankruptcy case (Case No. 15-00383) was dismissed due to her failure to comply with orders to file required documents, with a 180 day bar from refiling. Her third bankruptcy case (Case No. 16-00009) was dismissed at her request, again with a 180 day bar from refiling.

Significantly, although the Gaetano Trust instrument is dated 2004 and states that Ms. Minichino's residence was added to the trust in 2010, Ms. Minichino did not disclose in any of her prior bankruptcies that the residence belonged to the trust or that the trust even existed.

The U.S. Trustee has advanced ample reasons to dismiss this case apart from the debtor's bad faith. I will grant the motion for the reasons stated by the U.S. Trustee. Suffice it to say that there are strong indications that the debtor has filed this case in bad faith.

4

\* \* \*

Therefore, the motion to dismiss is GRANTED.

**END OF ORDER**